UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Gregory McDonald, <br><br> Plaintiff, <br> v. <br><br> Hunter Warfield, Inc.; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: _____ <br><br> **COMPLAINT** |

For this Complaint, Plaintiff, Gregory McDonald, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Gregory McDonald ("Plaintiff"), is an adult individual residing in Hainesville, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Hunter Warfield, Inc. ("Hunter"), is a Florida business entity with an address of 96931 Arlington Road, Suite 400, Bethesda, Maryland 20814, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Hunter and

whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Hunter at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Hunter for collection, or Hunter was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Engages in Harassment and Abusive Tactics**

12. In or around January 2018, Hunter contacted Plaintiff in an attempt to collect the Debt.

13. Plaintiff verbally informed Hunter that he was the victim of identity theft and disputed the Debt.

14. Plaintiff further disputed the Debt in writing and provided Hunter with a copy of a police report on January 15, 2018.

15. Thereafter, Hunter continued to call Plaintiff in an attempt to collect the Debt.

16. Moreover, Hunter failed to mark the Debt as disputed on Plaintiff's credit report.

C. **Plaintiff Suffered Actual Damages**

17. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

18. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

21. Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants failed to report that the Debt was disputed on Plaintiff's credit report.

22. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

23. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

24. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT
## 225 ILCS 425/1, *et seq.*

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

26. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

27. Defendant, in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

28. Defendants' conduct violated 225 ILCS 425/9(a)(15)(D) in that Defendants caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

29. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

30. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. All available damages pursuant to 225 ILCS 425/1;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 10, 2018

                                         Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff

5